IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DONALD COX and DOEHLER NORTH AMERICA, | ) ) ) ) Case No. _____ |
| Plaintiffs, | ) ) |
| v. | ) **NOTICE OF REMOVAL** ) |
| NATUREX, INC., | ) ) |
| Defendant. | ) ) |

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Naturex, Inc. ("Naturex"), by and through its attorneys, Nilan Johnson Lewis PA, hereby gives notice of removal of this action from the Circuit Court of Dane County, Wisconsin, to this Court. As grounds for removal, Naturex states as follows:

**I.     Factual and Procedural Background**

1. Plaintiff Donald Cox ("Cox") was formerly employed by Naturex as Vice President of Sales for its Food & Beverage Division. (Ex. 1: Compl. ¶¶ 7, 8). Cox and Naturex entered into a Confidentiality Agreement (the "Agreement") on July 20, 2017. (*Id.* at ¶ 11 and Ex. B attached thereto). Cox agreed that, during his employment, and for a 12 month period thereafter, he would not "be engaged in or have any financial interest in any business competing with" Naturex, or solicit business from any Naturex customers or clients. (*Id.* at ¶ 12).

2. On April 13, 2018, Cox tendered his resignation to Naturex, and on April 18, 2018, accepted a position as the Executive Vice President of Sales for Doehler North America ("Doehler"). (*Id.* at Ex. C and ¶ 19). On April 30, 2018, counsel for Naturex sent Cox a letter, reminding him of his continuing obligations to Naturex under the Agreement. (*Id.* at ¶ 22 and Ex. C attached thereto). The letter stated that Cox's employment with Doehler would

unavoidably result in a breach of the Agreement because Doehler's business is in direct competition with Naturex. (*Id.* at ¶ 24). The letter from Naturex requested that Cox confirm in writing that he would not perform work for Doehler. (*Id*. ¶ 25).

3. On May 8, 2018, Plaintiffs filed an action in the Circuit Court of Dane County, Wisconsin, entitled *Donald Cox and Doehler North America, Inc. v. Naturex, Inc.*, Case No. 2018-CV-001207, seeking a declaratory judgment that the Agreement is governed by Wisconsin law, the Agreement is void and unenforceable, and Doehler may lawfully employ Cox. Plaintiffs also seek compensatory damages and attorneys' fees.

4. On May 9, 2018, Naturex was served with a summons and a copy of the Complaint, a true and correct copy of which is attached hereto as Exhibit 1. Naturex has not yet answered the Complaint.

## II.     The Procedural Requirements for Removal Have Been Satisfied

5. In accordance with 28 U.S.C. § 1446(b)(1), Naturex is filing this Notice of Removal within thirty (30) days of receipt of Plaintiff's Complaint.

6. Naturex has attached a copy of all process, pleadings, and orders in the State Court Action as Exhibit 1.

7. Removal of this matter to this District is proper under 28 U.S.C. § 1441(a) because this District embraces the place where the action was filed.

8. Written notice of the filing of this Notice of Removal, together with a copy of the Notice of Removal and supporting papers, is being served contemporaneously on Plaintiff's counsel and will be filed with the Clerk of the Dane County Circuit Court, as required by 28 U.S.C. § 1446(d).

**III.     Removal of This Action is Proper**

9. This action is removable because it involves a controversy that is wholly between citizens of different states and the matter in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1).

   **A.     Complete Diversity Exists**

10. Plaintiff Donald Cox is now, and was at all times material to this action, a resident of the State of Wisconsin. (*Id.* at ¶ 1).

11. Plaintiff Doehler North America is now, and was at all times material to this action, a Delaware corporation, with its principal place of business in Georgia. (*Id.* at ¶ 2).

12. Defendant Naturex is now, and was at all times material to this action, a New Jersey corporation, with its principal place of business in New Jersey. (*Id.* at ¶ 3).

13. Thus, complete diversity exists between Plaintiffs and Defendant.

   **B.     The Amount In Controversy Exceeds $75,000**

14. Plaintiffs' complaint seeks nonmonetary relief in the form of a declaratory judgment, as well as unspecified monetary damages. (*Id.* at p. 7).

15. In a suit seeking declaratory or injunctive relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977). In the Seventh Circuit, the value of the object of the litigation can be assessed by "looking at either the benefit to the plaintiff or the cost to the defendant of the requested relief." *Uhl v. Thoroughbred Tech. & Telecomm., Inc.*, 309 F.3d 978, 983 (7th Cir. 2002).

16. First, the potential "benefit to the plaintiff" exceeds $75,000. Cox earned $260,000 per year as an employee of Naturex, in addition to being eligible for a bonus starting at 40% of his base salary. (Ex. 1: Compl. Ex. A at ¶¶ 3, 6). It is reasonable to assume that his

proposed compensation from Doehler is at least as much as he was paid by Naturex. Thus, the potential benefit to Cox of a verdict in his favor is far more than $75,000.

17. In addition, the value of "the cost to the defendant" if the Court finds the Agreement void and unenforceable exceeds $75,000. The potential harm can be extrapolated by analyzing profits earned from the business generated by Cox. *Mailwaukee Mailing, Shipment & Equip., Inc. v. Neopost, Inc.*, 259 F. Supp. 2d 769, 772 (E.D. Wis. 2003) (citing 14B Charles Alan Wright, *et al*, Federal Practice and Procedure §3708 (3d Ed. 1998)) ("it is reasonable to infer that if an employer earned a certain amount of profit from an employee's work in one year, the employer will lose an equivalent amount in the following year if the employee works for a competitor.") Naturex considered Cox to be a valuable and highly visible senior leader in its organization, internally and externally, and he had relationships with many of its customers and intimate knowledge of its commercial strategies and capabilities. Naturex stands to lose potential profits far in excess of $75,000 if Cox is permitted to use that knowledge to the benefit of Naturex's direct competitor Doehler. This is also another measure of the potential benefit to the plaintiff, as Doehler can be expected to have an increase in its profits by employing Cox and receiving the competitive advantage of his knowledge.

18. Naturex reserves all defenses to Plaintiffs' claims. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any right to assert any defense or affirmative matter, including, but not limited to, the defenses of 1) lack of jurisdiction over the person; 2) improper venue; 3) insufficiency of process; 4) insufficiency of service of process; 5) improper joinder of claims and/or parties; 6) failure to state a claim; 7) failure to join an indispensable party or parties; or 8) any other pertinent defense available under [state] or Federal Rule of Civil Procedure 12, any state or federal statute or otherwise.

4828-8585-8151.1

19. ACCORDINGLY, Defendant Naturex, Inc. states that this action is properly removable and respectfully notifies this Court, Plaintiff, and the Circuit Court of Dane County, that this action has been removed to the United States District Court for the Western District of Wisconsin, and that the State Court Action shall proceed no further pursuant to 28 U.S.C. § 1446(d).

Dated: May 31, 2018   Respectfully submitted,

NILAN JOHNSON LEWIS LLP

By: */s/ Courtney E. Ward-Reichard*
    Courtney E. Ward-Reichard (Wis. Bar No. 1064681)
    Katie M. Connolly
    Jeremy D. Robb
    120 South Sixth Street
    Suite 400
    Minneapolis, MN 55402-4501
    Phone: 612-305-7500
    Fax: 612-305-7501
    cward@nilanjohnson.com
    kconnolly@nilanjohnson.com
    jrobb@nilanjohnson.com

ATTORNEYS FOR DEFENDANT NATUREX, INC.