IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DONALD COX and
DOEHLER NORTH AMERICA, INC.,

                Plaintiffs,                ORDER

   v.

                                          18-cv-419-jdp

NATUREX, INC.,

                Defendant.

---

Plaintiff Donald Cox used to work for defendant Naturex, Inc. Earlier this year, he resigned and accepted a position at plaintiff Doehler North America, Inc. Naturex warned Cox that working for Doehler would violate the non-compete clause in his contract. So Cox and Doehler filed suit in Wisconsin state court seeking a declaratory judgment that the non-compete clause is void and unenforceable. Dkt. 1-1. Naturex removed the case to this court under 28 U.S.C. §§ 1332(a)(1), 1441, and 1446, invoking this court's diversity jurisdiction. Dkt. 1. Because the allegations in the notice of removal and complaint are insufficient to determine whether diversity jurisdiction actually exists, the court will direct Naturex to file an amended notice of removal containing the necessary allegations.

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). Unless the party invoking federal jurisdiction establishes complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the court must dismiss the case for lack of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Federal courts "have an independent obligation to determine whether subject-matter

jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The party invoking federal jurisdiction bears the burden of establishing that jurisdiction is proper. *Smart*, 562 F.3d at 802–03.

Here, Naturex alleges that diversity jurisdiction exists because: (1) the amount in controversy exceeds $75,000; and (2) the parties are completely diverse in citizenship. For the latter to be true, however, Naturex cannot be a citizen of the same state as Cox or Doehler. *Smart*, 562 F.3d at 803. The allegations regarding the Cox's citizenship are insufficient to allow the court to determine whether this is the case.

Naturex alleges that Cox resides in Wisconsin. But this allegation does not establish Cox's citizenship. "Residency is meaningless for purposes of diversity jurisdiction; an individual's citizenship is determined by his or her domicile." *Lake v. Hezebicks*, No. 14-cv-143, 2014 WL 1874853, at *1 (N.D. Ind. May 9, 2014) (citing *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002)). Naturex will need to amend its notice of removal to properly allege Cox's citizenship.

Before dismissing this action for lack of subject matter jurisdiction, the court will allow Naturex to file an amended notice of removal that establishes subject matter jurisdiction by alleging Cox's citizenship. This is a matter that could be resolved promptly with the cooperation of Cox's counsel, which the court will expect.

ORDER

IT IS ORDERED that:

1. Defendant Naturex, Inc., may have until June 18, 2018, to file and serve an amended notice of removal containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332.

2. Failure to timely amend will result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered June 4, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge